UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN ANDERSON,

     Plaintiff,

     6:16-cv-279-ORL-41 TBS

v.          CASE NO.:

SELENE FINANCE LP,     JURY TRIAL DEMANDED

     Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, JOHN ANDERSON (hereinafter "Plaintiff"), by and through the undersigned counsel, and sues Defendant, SELENE FINANCE LP, and in support thereof respectfully alleges violations of the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Florida Statute § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1.     Plaintiff alleges violation of the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA").

2.     The TCPA was enacted to prevent companies like SELENE FINANCE LP from invading American citizens' privacy and prevent abusive "robo-calls."

3.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC,* –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

4.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991) Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

5.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received     more     than     215,000     TCPA     complaints     in     2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6.      This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

7.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

8.      Venue is proper in this District as Plaintiff resides in this District, the violations described in this Complaint occurred in this District, and, Defendant transacts business within this District.

## FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Marion County, Florida

10.     Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11.     Defendant is a "debt collector" as defined by Florida Statute § 559.55(7).

12.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13.     Defendant, SELENE FINANCE LP, is a corporation which was formed in Houston, Texas with its principal place of business located at 9990 Richmond Avenue, Suite 400 South, Houston, Texas 77042 and which conducts business in the State of Florida through its registered agent, C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

14.     The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute § 559.55(6).

15.     SELENE FINANCE LP called Plaintiff on his cellular telephone number (352) 239-2037.

16.     SELENE FINANCE LP called Plaintiff approximately two thousand (2,000) times since August, 2014 in an attempt to collect a debt.

17.     SELENE FINANCE LP attempted to collect a debt from Plaintiff by this campaign of telephone calls.

18.    During one of the first calls SELENE FINANCE placed to Plaintiff, Plaintiff specifically notified SELENE FINANCE LP it was not authorized to contact Plaintiff on his cellular telephone number (352) 239-2037 on or about the beginning of August, 2014; thereby revoking any consent SELENE FINANCE LP believed and/or assumed it had to contact Plaintiff on his cellular telephone number (352) 239-2037.

19.    On numerous occasions, SELENE FINANCE LP intentionally harassed and abused Plaintiff by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

20.    On information and belief, the telephone calls placed by SELENE FINANCE were placed using automated telephone dialing equipment, without human intervention

21.    Each call SELENE FINANCE LP made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

22.    Each call SELENE FINANCE LP made to Plaintiff's cellular telephone was done so without the "express permission" of Plaintiff.

23.    SELENE FINANCE LP has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

24.    SELENE FINANCE LP has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's

cellular telephone in this case, with no way for the consumer, Plaintiff, or SELENE FINANCE LP, to remove the incorrect number.

25.     SELENE FINANCE LP's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to SELENE FINANCE LP they are the wrong party.

26.     SELENE FINANCE LP has had numerous complaints from consumers across the country against it asking to not be called, however, Defendant continues to call the consumers.

27.     SELENE FINANCE LP's corporate policy provided no means for Plaintiff to have his number removed from the call list.

28.     SELENE FINANCE LP has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not owe the alleged debt.

29.     Plaintiff did not expressly consent to SELENE FINANCE LP's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to SELENE FINANCE LP's placement of the calls.

30.     Not a single call placed by SELENE FINANCE LP to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

31.     SELENE FINANCE LP willfully and/or knowingly violated the TCPA with respect to Plaintiff.

32.     As a result of these collection efforts, Plaintiff suffered loss of happiness, tranquility of old age, concentration and sleep/insomnia as well as fear, worry,

humiliation, emotional distress and headaches due to the attempted collection of the subject account allegedly owed by Plaintiff.

## COUNT I
### (Violation of the TCPA)

33.     Plaintiff fully incorporates and realleges Paragraphs one (1) through thirty-two (32) as if set forth herein.

34.     Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was to stop calling Plaintiff.

35.     Defendant knowingly violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

36.     SELENE FINANCE LP repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against SELENE FINANCE LP for statutory damages, punitive damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

37.    Plaintiff fully incorporates and realleges Paragraphs one (1) through thirty-two (32) as if set forth herein.

38.    At all times relevant to this action SELENE FINANCE LP is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

39.    SELENE FINANCE LP has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

40.    SELENE FINANCE LP has violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

41.    SELENE FINANCE LP's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against SELENE FINANCE LP for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Jared M. Lee, Esquire
Morgan & Morgan, Tampa, P.A.
20 N. Orange Avenue
Suite 1600

Orlando, FL 32801
Tele:  (407) 420-1414
Fax:  (407) 245-3485
Florida Bar No.:  0052284
Attorney for Plaintiff(s)
JLee@ ForThePeople.com
JMLPleadings@ForThePeople.com